UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL JOSEPH FOTHERGILL,                )<br>                                                              )<br>                    *Plaintiff*                              )<br>                                                              )<br>v.                                                            )      No. 2:15-cv-143-JHR<br>                                                              )<br>CAROLYN W. COLVIN,                        )<br>*Acting Commissioner of Social Security*,  )<br>                                                              )<br>                    *Defendant*                           )| |

### MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge erred in (i) rejecting the opinion of his treating physician, Melanie C. Rand, D.O., (ii) relying on 2009 opinions of two agency nonexamining consultants, Lawrence P. Johnson, M.D., and Richard T. Chamberlin, M.D., (iii) reaching a residual functional capacity ("RFC") determination that is unsupported by medical opinion, and (iv) making a flawed credibility determination.  *See* Itemized Statement of Errors

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 18, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 14.

Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 8) at 2-8. I find no reversible error and, accordingly, affirm the commissioner's decision.

This case returns to this court following an April 17, 2012, judgment and order vacating an unfavorable January 28, 2011, decision of an administrative law judge and remanding the case for further proceedings based on error in addressing the plaintiff's obesity. *See* Record at 10-20, 384-92. A new hearing was held on September 4, 2013, during which the administrative law judge admitted additional evidence, including an RFC opinion by Dr. Rand dated July 10, 2013, and her progress notes for the period through June 4, 2013. *See id*. at 328, 333, 694-748, 756-59.

The administrative law judge issued a decision dated October 25, 2013, in which, pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), she found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2013, Finding 1, Record at 314; that he had severe impairments of degenerative disc disease of the lumbar spine, insulin-dependent diabetes mellitus, and obesity, Finding 3, *id*.; that he retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could never climb ladders, ropes, or scaffolds, could occasionally climb ramps or stairs, could occasionally balance, stoop, kneel, crouch, and crawl, would need to avoid work at unprotected heights, would need to avoid concentrated exposure to hazards such as dangerous moving machinery, and would need to be able to alter positions between sitting and standing as needed throughout the day, Finding 5, *id*. at 317; that, considering his age (43 years old, defined as a younger individual, on his alleged disability onset date, January 31, 2008), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could

perform, Findings 7-10, *id.* at 321; and that he, therefore, had not been disabled from January 31, 2008, through the date of the decision, October 25, 2013, Finding 11, *id.* at 322. The Appeals Council declined to assume jurisdiction of the case following remand, *id.* at 295-99, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.984(a)-(b), 416.1484(a)-(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

### A.  Treatment of Treating Physician's Opinion

In her 2013 RFC opinion, Dr. Rand indicated, in relevant part, that the plaintiff was not able to complete an eight-hour day/40-hour workweek on a sustained, ongoing basis without undue interruptions or absences. *See* Record at 759. She attributed his limitations to chronic low back pain, neck pain, and degenerative disc disease. *See id*.

The administrative law judge rejected the opinion, explaining:

3

> Dr. Rand has completed [an RFC] Questionnaire indicating that the [plaintiff] is substantially more limited than has been assessed in this finding. Social Security Ruling 06-2p provides that if a treating source's medical opinion is well supported and [not] inconsistent with the other substantial evidence of record, it is entitled to controlling weight. However, Dr. Rand's opinion that the [plaintiff] is unable to sustain full time work is inconsistent with the [plaintiff's] demonstrated activities and contrary to the doctor's own treatment notes as discussed in this finding, which report essentially normal physical examination findings. Therefore, the undersigned has given this opinion little evidentiary weight.

*Id*. at 320 (citations omitted). The administrative law judge also rejected a March 2, 2010, opinion of Dr. Rand (mistakenly attributed to Dr. Rand's associate Jeffrey P. Maher, M.D.) in which Dr. Rand hand-wrote on a Physician Office Orders form, "Mr. Fothergill is unable to work due to chronic pain and degenerative dis[c] disease, diabetes[.]" *Id*. at 250, 320.[2] The administrative law judge explained:

> Dr. Maher [sic] has not provided any supporting rational[e] for this opinion, has not assessed specific limitations in functioning, and has not provided a duration for this inability to work. Moreover, the ultimate determination of disability is a matter reserved to the Commissioner. Accordingly, this opinion is afforded no probative value.

*Id*. at 320.

Whether a claimant is disabled is an issue reserved to the commissioner; hence, even a treating source's opinion on this matter is accorded no special significance. *See, e.g.*, 20 C.F.R. §§ 404.1527(d), 416.927(d). Even as to treating source opinions on issues other than those reserved to the commissioner, an administrative law judge is free to reject such opinions so long as she supplies good reasons for doing so. *See, e.g., Dunning v. Colvin,* No. 2:14-cv-00401-JCN, 2015 WL 4139618, at *4 (D. Me. July 9, 2015).

---

[2] The signature on the 2010 form is illegible. *See* Record at 250. However, both parties agree that the opinion is that of Dr. Rand. *See* Statement of Errors at 2; Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 9) at 7.

The plaintiff contends that the administrative law judge failed to supply good reasons for rejecting the Rand opinions because she (i) neglected to take into account the effect of his uncontrolled diabetes, which Dr. Rand indicated was dangerous and placed him at high risk for a cardiovascular event, (ii) improperly found that a November 2008 evaluation by Adam Owen, M.D., undercut the Rand opinion, (iii) relied on irrelevant limitations assessed in 1996, well before his alleged onset date of disability, (iv) offered what appears to be an irrelevant boilerplate rationale that the Rand opinion was inconsistent with his demonstrated activities, which the administrative law judge did not explain, (v) wrongly concluded that Dr. Rand's notes reflected essentially normal findings despite her notations of uncontrolled diabetes and chronic back pain and resulting limitations, in effect impermissibly evaluating raw medical evidence, and, (vi) given that she made an invalid credibility determination, erroneously relied on objective medical evidence alone in rejecting the Rand opinion.  *See* Statement of Errors at 2-5.

The commissioner rejoins, and I agree, that the administrative law judge provided the requisite good reasons for rejecting the Rand opinions.  *See* Opposition at 3-9.

First, to the extent that the plaintiff complains that the administrative law judge improperly found that Dr. Owen's 2008 evaluation undercut the Rand opinion and relied on irrelevant 1996 limitations, the administrative law judge did not supply these as reasons for rejecting either the 2010 or the 2013 Rand opinion.  *See* Record at 320.  Rather, she discussed those matters in the context of making her credibility determination.  *See id*. at 318-19.  Therefore, I address those points, as well as the assertion that the administrative law judge's credibility determination was flawed, in my discussion of the credibility finding, below.

Second, with respect to the 2013 opinion, the administrative law judge supportably deemed Dr. Rand's conclusions at odd with her treatment notes.  In the "Exam" section of Dr. Rand's

5

notes, for the period from January 31, 2008, forward, Dr. Rand consistently reported essentially normal findings, indicating, for example, that the plaintiff was obese but in no acute distress, was fully oriented, had no sensory motor deficit, and had normal balance and gait, normal deep tendon reflexes in all four extremities, normal strength, normal sensation, and normal tone. *See, e.g.,* Record at 187, 190, 193, 210, 215, 219, 225, 663, 666, 669, 695, 700, 705, 716, 720, 722, 725, 730, 734, 738, 742, 746.

This was a good, and in itself sufficient, reason to reject the Rand opinion that the plaintiff could not consistently work an eight-hour day or 40-hour week. *See, e.g., Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123, at *5-*7 (D. Me. Dec. 28, 2010) (rec. dec., *aff'd* Jan. 18, 2011) (administrative law judge gave good reason for rejecting treating source opinion when she supportably found it inconsistent with other evidence of record, including source's own treating notes).[3]

To the extent that the plaintiff complains that the administrative law judge overlooked limitations stemming from his uncontrolled diabetes and chronic back pain, Dr. Rand did not identify the plaintiff's diabetes as a basis for the limitations she assessed in 2013, *see* Record at 759, and she referenced his back pain and resulting limitations in either the "Subjective" or "ROS" (Review of Symptoms) sections of her notes, indicating that these were the plaintiff's subjective allegations, not her own assessments, *see, e.g., id.* at 662 ("Here for follow up on back and neck

---

[3] Tellingly, as the commissioner points out, *see* Opposition at 6, the sole objective evidence that Dr. Rand identified in support of her opinion was an MRI from the 1990s, *see* Record at 758 – an apparent reference to an August 19, 1997, cervical spine MRI ordered by a former treating physician, Bernard Vigna, M.D., *see id.* at 597. Dr. Vigna described that MRI as showing "degenerative disc change C5-C7 levels" but no "discre[te] disc herniation per se." *Id.* at 596. With the benefit of that MRI finding, Dr. Vigna assessed the plaintiff as significantly less limited in 1997 than did Dr. Rand in 2013; for example, Dr. Vigna found that he had no limitations on his ability to walk, push, pull, twist, kneel, crawl, stoop, work below the waist, or climb ladders or stairs, *see id.* at 594-95, whereas Dr. Rand found him unable to sit for more than two to three hours, stand for more than one to two hours, or walk for more than two to three hours in an eight-hour workday and unable to squat, crawl, climb, stoop, crouch, or kneel, *see id.* at 756, 758.

pain."), 665 ("Follow up to neck and back pain caused by Degenerative dis[c] disease. Feels unable to work[.]"), 668 ("Weakness (Intermittent in both legs so he has to do things more slowly), Other (Pain occasionally radiates below his knees . . . ).").[4]

The administrative law judge did not impermissibly interpret raw medical evidence in drawing the conclusion that the Rand notes reflected essentially normal findings on examination, undercutting the Rand opinion. *See, e.g.*, *Breingan v. Astrue,* No. 1:10-cv-92-JAW, 2011 WL 148813, at *6 n.5 (D. Me. Jan. 17, 2011) (rec. dec., *aff'd* Feb. 22, 2011) (administrative law judge competent to resolve conflicts in expert opinion by judging whether later-submitted evidence is material and whether there are discrepancies between treating source's opinion and underlying progress notes).

The administrative law judge also supplied several good reasons for rejecting the terse 2010 opinion, including its lack of a supporting rationale and failure to identify any specific functional limitations or the expected duration of the plaintiff's asserted disability. *See* Record at 320.

While Dr. Rand did identify the plaintiff's diabetes as a basis for the 2010 opinion, *see id*. at 250, the administrative law judge did not err in failing to credit the Rand opinion on that account. The administrative law judge elsewhere observed, with respect to diabetes:

> Regarding [the plaintiff's] diabetes, Dr. Rand's treatment notes consistently note that this impairment was uncontrolled during the majority of the period at issue.

---

[4] Whether the administrative law judge provided a second good reason for rejecting the 2013 Rand disability opinion on the basis of its inconsistency with the plaintiff's demonstrated activities is a closer question. As the commissioner points out, *see* Opposition at 4, while the administrative law judge did not detail the plaintiff's activities in discussing the Rand opinion, she did so in the course of determining, for purposes of assessing whether he had a severe mental impairment, that he had no limitations in activities of daily living, *see* Record at 315-16. She noted that he was "able to care for his own personal needs[, . . .] sustain[] appropriate hygiene and grooming[, . . . and] drive." Record at 316. In the absence of further explication by the administrative law judge, it is not clear how an ability to engage in those activities is necessarily inconsistent with an inability to sustain work on an eight-hour per day, 40-hour per week basis. Nonetheless, I need not rely on this rationale, as I deem the administrative law judge's remaining rationale a sufficient basis on which to reject the 2013 Rand disability opinion.

> However, the [plaintiff] did not report ongoing symptoms during the period at issue that would preclude the performance of light exertional work activities as list[]ed in this finding. Despite the lack of ongoing symptoms, Dr. Rand has advised the [plaintiff] that he is at high risk for a cardiovascular event. This indicates that the [plaintiff] should not engage in greater than light exertional activities on an ongoing basis.

*Id*. at 319 (citations omitted). As the plaintiff's counsel acknowledged at oral argument, the December 4, 2012, note of Dr. Rand on which the plaintiff relies does not reveal the presence of specific limitations attributable to the plaintiff's uncontrolled diabetes. *See id*. at 702 ("Diabetes type 2, uncontrolled. I discussed [with the plaintiff] that he is a high risk for a cardiovascular event and encouraged him to take his daily aspirin. . . . We are in a rut. We both agree that his diabetes is uncontrolled and dangerous for him and he cannot comply [with] some of my suggestions and won't comply with others. [Follow up] in 6 months. Call right away if gets M[ai]necare – we will refer to endocrinology and optometry in that case."). Yet, the plaintiff's counsel argued that, even though one can infer that uncontrolled diabetes causes problems and is dangerous, no medical expert took this treatment note into account. Instead, the plaintiff contends, the administrative law judge impermissibly interpreted raw medical evidence in determining that the cardiovascular risks of his uncontrolled diabetes required a limitation to light exertional work. *See* Statement of Errors at 3, 7.

The administrative law judge indeed exceeded the bounds of her expertise in construing Dr. Rand's note to require a limitation to light work. *See, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering commonsense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record."). Yet, the plaintiff fails to demonstrate that the error was harmful. *See, e.g., Shinseki v.*

8

*Sanders,* 556 U.S. 396, 409 (2009) (a claimant bears the burden to demonstrate harmful error in an agency's determination).

As the commissioner points outs, *see* Opposition at 12, in assessing the plaintiff with an RFC for a range of exertionally light work, *see* Record at 242, Dr. Chamberlin took into account then-available treatment notes indicating that the plaintiff's diabetes had become uncontrolled, *see id*. at 248. The plaintiff offers nothing but speculation that a medical expert's review of Dr. Rand's December 4, 2012, note, in which she indicated that she had explicitly warned the plaintiff that his uncontrolled diabetes placed him at high risk for a cardiovascular event, would have resulted in any different or greater functional limitations.[5]

The plaintiff, thus, falls short of demonstrating his entitlement to remand on the basis of the first point of error.

### B. Reliance on State Agency Physicians' Opinions

The administrative law judge noted that, "[i]n reaching the conclusion that the [plaintiff] can perform a wide range of light exertional work activities despite his physical impairments, the undersigned has essentially adopted the findings of" Drs. Johnson and Chamberlin. Record at 320. She explained:

> These opinions indicate that the [plaintiff] retains the above physical functional capacity and were relied on in denying [his] application at the initial and reconsideration levels. The undersigned finds that nothing has been admitted into the record to indicate that the [plaintiff's] condition worsened since these physicians conducted their reviews to indicate that the [plaintiff] had additional limitations during the period at issue. Accordingly, the undersigned has given these opinions significant weight regarding the [plaintiff's RFC]. However, considering

---

[5] At oral argument, the plaintiff's counsel took issue with the commissioner's citation, in discussing the import of the December 4, 2012, Rand note, to 20 C.F.R. §§ 404.1530(a)-(b) and 416.930(a)-(b), pursuant to which, "If [a claimant] do[es] not follow the prescribed treatment without a good reason, [the commissioner] will not find [him or her] disabled." Opposition at 9. The plaintiff's counsel argued that those provisions were inapplicable because the administrative law judge neither found his client disabled nor considered his reasons for non-compliance. Yet, as counsel for the commissioner rejoined, the thrust of the commissioner's argument is that Dr. Rand's stern warning regarding the risks of the plaintiff's uncontrolled diabetes does not indicate that the condition imposed any particular functional limitations. *See id*. at 7-9.

9

> the evidence in the light most favorable to the [plaintiff], the undersigned finds that he requires the additional accommodation of a sit/stand option to alleviate his back pain.

*Id*.

The plaintiff faults the administrative law judge for relying on opinions predating the remand, as a result of which neither consultant had the benefit of review of post-remand medical evidence. *See* Statement of Errors at 5-6. Yet, as the commissioner observes, *see* Opposition at 10, he fails to identify specific later-submitted evidence that might have swayed either consultant's opinion, thereby falling short of carrying his burden of demonstrating entitlement to remand on this basis. *See, e.g., Wood v. Astrue*, Civ. No. 1:10-cv-243-JAW, 2011 WL 1298460, at *2-*3 (D. Me. Mar. 31, 2011) (rec. dec., *aff'd* Apr. 23, 2011) ("[T]he presence in the record of medical evidence not available to a state-agency physician-reviewer upon whose conclusions the administrative law judge relies may require remand, but only if the later evidence leads to an outcome different from that reached by the administrative law judge"; the claimant bears the burden to "suggest how the outcome of [his or] her claim would necessarily have been affected" had the reviewing physicians seen the later evidence).

In any event, as the commissioner points out, *see* Opposition at 10, the majority of the records submitted post-remand substantially predate the plaintiff's alleged disability onset date of January 31, 2008, *see* Record at 3-4 (describing contents of *id*. at 493-633, 643-53), 670-92.

The plaintiff does argue generally that both Drs. Johnson and Chamberlin, like the administrative law judge, failed to take into account information concerning his uncontrolled diabetes and continued references to chronic pain and limitations. *See* Statement of Errors at 6. As the plaintiff's counsel pointed out at oral argument, his client provided record citations to those post-remand materials in his statement of errors. *See id*. at 2-4. Yet, as discussed above, Dr.

Rand's December 4, 2012, treatment note reflects no specific limitations stemming from the plaintiff's uncontrolled diabetes, and references to back pain and limitations reflect the plaintiff's subjective reports rather than findings on examination, which were essentially normal. Further, as the commissioner observes, *see* Opposition at 11-12, both Drs. Johnson and Chamberlin considered the plaintiff's degenerative disc disease and associated back pain, *see* Record at 206, 248.

The plaintiff finally complains that the administrative law judge's decision is internally inconsistent and contradictory in that she determined that nothing in the record indicated that he had developed additional limitations since 2009 and, yet, assessed an additional limitation in the form of a sit-stand option. *See* Statement of Errors at 6. However, as the commissioner rejoins, *see* Opposition at 11, while no objective medical evidence may have been admitted into the record indicating that the plaintiff was more limited than in 2009, the administrative law judge, "considering the evidence in the light most favorable to the [plaintiff]," Record at 320, evidently credited his subjective allegations at least in part, the plaintiff having testified to his difficulties standing in place or sitting in a regular chair for longer than an hour, *see id.* at 349-50. Accordingly, there is no inconsistency requiring remand.

### C. Support for RFC Determination

The plaintiff next contends that the administrative law judge's RFC determination is unsupported by substantial evidence in that her reliance on Drs. Johnson and Chamberlin was misplaced, her rejection of Dr. Rand's opinions was erroneous, and she impermissibly construed raw medical evidence in determining that he should not engage in greater than light exertional activities because of the cardiovascular risks caused by his uncontrolled diabetes. *See* Statement of Errors at 6-7. As discussed above, the administrative law judge did not err in relying on the

opinions of Drs. Johnson and Chamberlin or rejecting those of Dr. Rand, and her error in interpreting raw medical evidence is harmless.

### D. Credibility Determination

The administrative law judge deemed the plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not entirely credible. *See* Record at 318. She explained, *inter alia*, that:

1. Dr. Rand's records did not fully support the plaintiff's subjective allegations of disabling musculoskeletal pain. *See id*. at 319. Although the medical record documented that the plaintiff had neck and back pain following a work-related injury in 1994 and was given permanent work limitations in 1996 that included no crawling, overhead work, or use of vibratory tools, no lifting greater than 15 pounds and carrying greater than 20 pounds, limitations on twisting/bending and pushing/pulling, and no activities involving flexion or extension of his neck, nothing in the record indicated that he had developed additional limitations since then. *See id*.

2. While Dr. Rand recorded the plaintiff's subjective complaints of joint pain and stiffness, her examinations revealed no numbness, weakness, or paresthesias, intact sensation, and normal balance, gait, posture, strength, reflexes, and muscle tone. *See id*. The plaintiff also was consistently noted to be in no acute distress, undermining his allegations of disabling pain. *See id*.

3. When Dr. Owen, a pain management specialist, examined the plaintiff on November 8, 2008, he also reported that the plaintiff was in no acute distress and recorded normal findings on examination. *See id*. When the plaintiff inquired about going on disability, Dr. Owen informed him that it was difficult to find any deficits that would impair his ability to work and that he would not be comfortable recommending disability or signing any disability papers for him. *See id*. Moreover, Dr. Owen noted that he had reviewed the case with Dr. Rand, and she was in

agreement. *See id*. The Owen report, "from a specialist, considerably undermines the [plaintiff's] allegations of chronic, disabling pain." *Id*.

In addition to challenging the administrative law judge's reliance on the Owen report and the assertedly irrelevant 1996 evidence, *see* Statement of Errors at 3, the plaintiff assails the credibility determination on the bases that the administrative law judge (i) referenced his "demonstrated activities" but did not discuss them, (ii) merely rehashed her erroneous interpretation of the medical records, and (iii) wrongly rejected his subjective allegations solely on the basis of objective medical evidence, in violation of 20 C.F.R. §§ 404.1529(c)(2) and 416.929(c)(2), *see id*. at 7-8; *see also* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("[The commissioner] will not reject [a claimant's] statements about the intensity and persistence of [his or her] pain or other symptoms or about the effect [his or her] symptoms have on [his or her] ability to work solely because the available objective medical evidence does not substantiate [his or her] statements.").

"The credibility determination by the ALJ [administrative law judge], who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." *Frustaglia v. Secretary of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir. 1987). The plaintiff fails to provide a persuasive reason for disturbing the credibility determination made in this case.

The plaintiff faults the administrative law judge for relying on the 2008 Owen report rather than the more recent 2013 Rand opinion, asserting that the Owen report does not undercut the Rand opinion because Dr. Owen recommended that he undergo a functional capacity evaluation to document his limitations, and he could not afford to do so. *See* Statement of Errors at 3.

As the commissioner rejoins, *see* Opposition at 13, the administrative law judge did not rely on the Owen report in determining the plaintiff's RFC, except to the extent that it reflected negatively on the credibility of his subjective complaints, *see* Record at 319-20. Dr. Owen's recommendation that the plaintiff undergo a functional capacity evaluation does not call into question the administrative law judge's conclusion that his report considerably undermined the plaintiff's allegations of chronic, disabling pain. Dr. Owen, a pain management specialist, expressly stated: "[W]ith [the plaintiff's] physical exam, I find it difficult to find any deficits that could impair his ability to work. I am not comfortable recommending disability or signing any disability papers for [the plaintiff.]" *Id.* at 655. In that context, he recommended that the plaintiff undergo a functional capacity evaluation "to officially document any deficits that he *may have* that would prevent him from seeking employment." *Id.* at 655-56 (emphasis added).

The plaintiff next complains that the administrative law judge cited limitations assessed in 1996 that "are obviously not pertinent to current evaluation." Statement of Errors at 3. Yet, as the commissioner points out, *see* Opposition at 15, Dr. Rand noted on July 31, 2009, in the context of discussing the plaintiff's plan to reapply for disability benefits, that he had been "granted permanent work limitations" in 1996, Record at 223-24. She did not indicate at that time that she would assess greater limitations. *See id.* at 223-26. In any event, the gist of the administrative law judge's finding was that the record did not support the existence of any greater limitation since 1996. *See id.* at 319. The plaintiff provides no persuasive reason why that conclusion is erroneous. *See* Statement of Errors at 3.

The plaintiff's argument regarding the administrative law judge's reference to his "demonstrated activities" misses the mark: she made that point in the context of rejecting Dr. Rand's 2013 opinion, not evaluating the plaintiff's credibility. Record at 320. In any event, even

assuming that this constituted one of the rationales for her credibility determination and that she erred in relying on it, the plaintiff does not challenge the additional rationales that she offered, apart from repeating his argument that her interpretation of the medical records was erroneous. As discussed above, her interpretation is erroneous in only one respect – that she interpreted raw medical evidence to require a limitation already assessed by Dr. Chamberlin – and that error is harmless.

Finally, the plaintiff's assertion that the administrative law judge wrongly rejected his subjective complaints on the sole basis of lack of corroboration by objective medical evidence, *see* Statement of Errors at 8, is without merit. While the administrative law judge relied heavily on that lack of corroboration, she did not rely solely on it. For example, as noted above, she reasonably determined that (i) the report of pain management specialist Dr. Owen considerably undermined the plaintiff's allegations of chronic, disabling pain, and (ii) nothing in the record indicated that the plaintiff was more limited than in 1996, when he was given "permanent" work restrictions that would not result in a finding of disability. She properly discounted the plaintiff's credibility on the basis of those observations, in addition to her finding that the objective medical evidence did not corroborate the plaintiff's allegations. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (noting that, while the commissioner will not reject a claimant's subjective statements solely because the available objective medical evidence does not substantiate them, "[o]bjective medical evidence . . . is a useful indicator to assist [her] in making reasonable conclusions about the intensity and persistence of [a claimant's] symptoms and the effect those

symptoms, such as pain, may have on [his or her] ability to work" and will be considered "in reaching a conclusion as to whether [a claimant is] disabled").[6]

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 13th day of January, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[6] Although, in her brief, the commissioner addressed the plaintiff's argument that the administrative law judge's credibility determination was invalid, she omitted to respond to his assertion that the administrative law judge impermissibly rejected his subjective allegations solely on the basis of objective medical evidence. *See* Opposition at 15-17. At oral argument, I asked the plaintiff's counsel whether, assuming that this constituted a waiver, the omission was material. He argued that it was, stating that credibility is a core issue and that the drawing of a negative credibility inference based on a legally impermissible basis requires remand. As I noted at oral argument, this court has recognized that the commissioner, like claimants, can waive points by failing to include them in her brief. *See, e.g., Connor v. Colvin,* No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *5 n.4 (D. Me. July 16, 2014) ("The general rule in this district long has been that any claim or issue not raised in a claimant's statement of errors is deemed waived. I perceive no reason against, and indeed fairness would counsel for, the same rule applying with respect to responsive briefs, which the commissioner has been required to file since the amendment of Local Rule 16.3(a)(2) effective January 1, 2013.") (citation omitted). However, the point at issue in *Connor* was deemed waived "because it [was] an independent basis for affirmance of the decision that could have been, but was not, raised in the commissioner's brief[.]" *Id*. Here, the commissioner simply neglected to respond to one of several points that the plaintiff made in seeking remand on the basis of an allegedly invalid credibility analysis. *See* Statement of Errors at 7-8; Opposition at 15-17. This did not relieve the plaintiff of his burden of demonstrating entitlement to remand on that basis, or the court of its duty to decide whether that burden was met by the plaintiff.